# In the United States Court of Federal Claims

|  |  |
|---|---|
| JAREK NECZYPOR,<br><br>                *Plaintiff,*<br><br>v.<br><br>THE UNITED STATES,<br><br>                *Defendant.* | No. 24-1155<br>(Filed: February 28, 2025) |

*Jarek Neczypor*, pro se, New Haven, CT.

*Jana Moses*, Civil Division, United States Department of Justice, Washington, DC, for Defendant.

**OPINION AND ORDER**

**LERNER,** *Judge*.

Navy veteran Jarek Neczypor filed suit pro se to recover back pay and benefits that were awarded to him by the Board for Correction of Naval Records ("BCNR"). Soon after his filing, the Defense Finance Accounting Service ("DFAS") resolved roadblocks delaying disbursement and processed his payments. Now, Mr. Neczypor contends he is entitled to interest on these payments. The Government moves to dismiss, arguing that the case is moot. Alternatively, it moves for summary judgment, contending Plaintiff is not entitled to interest as a matter of law. For the reasons below, the Government's Motion for Summary Judgment is **GRANTED** and the case is **DISMISSED**.

**I.     Factual Background**

Plaintiff, a disabled Navy veteran and officer who attained the rank of Lieutenant, petitioned the BCNR to award him back pay and certain benefits he claimed were improperly withheld, among other relief. Compl. at 3–4, ECF No. 1. On November 15, 2023, the BCNR ruled in Plaintiff's favor and ordered DFAS to process his payments. *Id.* Ex. 2 at 17–20, ECF No. 1-2.[1] DFAS instructed Mr. Neczypor that payment could not begin until he submitted certain materials to a "travel office," but DFAS did not identify how to do so or which travel office to contact. *Id.*; Compl. at 4. Plaintiff spent the next six months fruitlessly navigating the Navy's bureaucracy in an effort to identify the proper office—or any live individual—to assist him. Compl. at 5–10. Mr. Neczypor filed his Complaint in this Court on July 29, 2024,

---

[1] Exhibit page numbers refer to the ECF numbers.

requesting payment of his benefits. *Id.* at 11–13. His Complaint also demanded "adjustments based on inflation." *Id.* at 13.

Discussion between the parties has now all but resolved this case. *See* ECF Nos. 14, 17, 18, 20, 22, 24. Plaintiff submitted the requested materials directly to DFAS, which dispensed with the travel office requirement and calculated Plaintiff's benefits. ECF Nos. 14 at 1; ECF No. 20 at 3–4. Plaintiff approved DFAS' calculations on January 7, 2025. ECF No. 22. DFAS paid Mr. Neczypor's back pay on January 18, 2025, and it has submitted his other payments for processing. Pl.'s Resp. at 1, ECF No. 27.

The Government contends that this case is moot. Mot. to Dismiss or Mot. for Summ. J. (hereinafter "Mot. for Summ. J.") at 1–3, ECF No. 26. Plaintiff disagrees. He asserts that he is due "inflation adjusted interest" on these payments. ECF No. 24. The Government contends interest cannot be granted as a matter of law. Mot. for Summ. J. at 2–3. The parties agree this legal question is the sole remaining issue. *See* ECF No. 24.

The Government filed its Motion to Dismiss and Motion for Summary Judgment on January 31, 2025. Mot. for Summ. J. Plaintiff responded on February 14, 2025. Pl.'s Resp. Mr. Neczypor also requested that the Court seal documents containing personal identification information. *Id.* at 1–2. The Government replied on February 27, 2025. Def.'s Reply, ECF No. 28. The issue is ripe for resolution.

**II.     Discussion**

   **A.     The Case Is Not Moot and the Court Has Jurisdiction.**

A claim must be dismissed as moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Rothe Dev. Corp. v. Dep't of Def.*, 413 F.3d 1327, 1331 (Fed. Cir. 2005) (quotation omitted). "The tender of the entire amount of damages claimed by a plaintiff moots the damages claim." *Id.* (citations omitted). But a case is still live if a plaintiff has not "receive[d] the compensation sought in his or her complaint." *Cooper v. United States*, No. 23-1427, 2024 WL 3888699, at *4 (Fed. Cl. Aug. 21, 2024) (citations omitted) (assessing whether claim for back pay was moot based on whether plaintiff continued to challenge the agency's calculations). Plaintiff's Complaint demanded adjustments based on inflation, and he continues to request it. *See* Compl. at 13; Pl.'s Resp. at 1. Since Mr. Neczypor has not received the full compensation he requested in his Complaint, the case is still live. The Court has jurisdiction to adjudicate Plaintiff's back pay claim.

   **B.     Summary Judgment Is Appropriate.**

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Rules of the Court of Federal Claims (hereinafter "RCFC"). Here, the facts are undisputed: the parties agree that Plaintiff is entitled to back pay and benefits. Plaintiff asserts that federal law entitles him to interest. Because Mr. Neczypor's entitlement to interest on military back pay rests solely upon interpretation of statutes, the issue is ripe for resolution by summary judgment. *See Anderson v. United States*, 54 Fed. Cl. 620, 629 (2002), *aff'd*, 70 F. App'x 572 (Fed. Cir. 2003) (citation omitted).

### C.     Mr. Neczypor Is Not Entitled To Inflation Adjusted Interest on His Payments.

Interest on a claim against the United States is allowed "only under a contract or Act of Congress expressly providing for payment thereof." 28 U.S.C. § 2516. A grant of interest against the United States entails a waiver of sovereign immunity; as such, any waiver must be strictly construed. *Marathon Oil Co. v. United States*, 374 F.3d 1123, 1127 (Fed. Cir. 2004) (citing *Libr. of Cong. v. Shaw*, 478 U.S. 310, 318 (1986), *superseded by statute on other grounds,* Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1074). Mr. Neczypor fails to identify a statutory provision that expressly grants interest on his military back pay.

#### 1.     The Back Pay Act Does Not Apply to Plaintiff.

Plaintiff first argues that the Back Pay Act mandates interest adjustments. The Act provides for inflation adjusted interest on back pay awarded to "[a]n employee of an agency . . . affected by an unjustified or unwarranted personnel action." 5 U.S.C. § 5596(b)(1), (b)(2)(A). Under the Back Pay Act, an employee is "an officer and individual who is . . . appointed in the civil services." 5 U.S.C. § 2105(a)(1). *See also Lee v. United States*, 127 Fed. Cl. 734, 741 (2016) (finding no claim under Back Pay Act when plaintiffs "were not appointed to the civil service"). The civil service includes civilian employees in the executive, legislative, and judicial branches. 5 U.S.C. § 2101(1). But it explicitly excludes "positions in the uniformed services," which encompasses "the armed forces" such as the Navy. *Id.* § 2101(2), (3).

The Military Pay Act governs military members' pay claims. *E.g.*, *Scarseth v. United States*, 46 Fed. Cl. 406, 408 (2000) (permitting Army service member to amend claim under Back Pay Act to Military Pay Act claim); *Anderson v. United States*, 59 Fed. Cl. 451, 457 (2004) (citations omitted) (contrasting the Military Pay Act to the "civilian Back Pay Act"). Thus, the Back Pay Act does not apply to military service members. *E.g.*, *Greene v. United States*, No. 03-1677C, 2009 WL 515104, at *8 n.5 (Fed. Cl. Feb. 27, 2009) (citations omitted); *Sanders v. United States*, 594 F.2d 804, 810 (Ct. Cl. 1979), *superseded by statute on other grounds*, 10 U.S.C. § 628. The civil service provisions of Title 5 are "directed . . . to federal civilian service" rather than "[m]ilitary service [which] is governed by a wholly different statutory scheme" under Title 10 of the U.S. Code. *Wilder v. Merit Sys. Prot. Bd.*, 675 F.3d 1319, 1322 (Fed. Cir. 2012); *cf. Cockerham v. United States*, 140 Fed. Cl. 121, 126 (2018).

Mr. Neczypor served in the Navy and does not allege he held a civilian civil service position. Consequently, he is outside Title 5's definition of "employee" as applicable to the Back Pay Act. *See Pope v. United States*, 77 Fed. Cl. 737, 739 (2007) (explaining Back Pay Act "applies to federal civil service employees, not members of the Army National Guard"); *Riser v. United States*, 97 Fed. Cl. 679, 682 n.4 (2011) (finding Back Pay Act does not apply to military reservists). Plaintiff protests that the definition of "agency" under the Back Pay Act includes "Executive agency" which itself is defined to include "Executive departments." 5 U.S.C. §§ 5596(a)(1), 105. These Departments include the "Department of Defense." 5 U.S.C. § 101. The Department of Defense includes civil service employees; Plaintiff was not "appointed in the civil services," so he was not an "employee." 5 U.S.C. § 5596. Therefore, the Back Pay Act's waiver of sovereign immunity as to inflation adjusted interest does not apply to him.

3

2. **Plaintiff's Other Arguments Fail.**

Mr. Neczypor does not identify another valid or applicable statute that provides for interest payments on his back pay. He contends the Court may award interest under 10 U.S.C. § 1552(c)(1), which authorizes correction of military records. Pl.'s Resp. at 10. But that provision does not "expressly provide for the payment of interest" on this type of back pay claim. *Powers v. United States*, 223 Ct. Cl. 774, 776 (Ct. Cl. 1980). *See also Lord v. United States,* 2 Cl. Ct. 749, 755 (1983) ([Section] 1552(c) . . . does not authorize the payment of interest"). Section 1552(c) allows interest only where a record correction has set aside a court-martial conviction, a provision that does not apply here. 10 U.S.C. § 1552(c)(4).

Acknowledging that § 1552(c) lacks an express provision granting interest, Plaintiff asks this Court to apply the "veteran's canon" to construe it in his favor. Pl.'s Resp. at 19. But that canon only applies to ambiguous statutes, and the language of 10 U.S.C. § 1552 "does not give rise to interpretive doubt." *Terry v. Principi*, 340 F.3d 1378, 1384 n.7 (Fed. Cir. 2003). And even if it did, the Court cannot use ambiguous language to establish a waiver of immunity as to interest. *Marathon Oil*, 374 F.3d at 1127 (citing *Shaw*, 478 U.S. at 318).

Mr. Neczypor identifies no other statute which authorizes interest on his back pay. And this Court has repeatedly "found that no statutory provision establishes a right to interest in military pay cases." *Greene*, 2009 WL 515104, at *8 (citation omitted). *See also Ulmet v. United States*, 19 Cl. Ct. 527, 537 (1990) ("No statutory provision establishing the right to interest in military pay or retirement cases exists."); *Yee v. United States*, 512 F.2d 1383, 1385 n.6 (Ct. Cl. 1975) (citing 28 U.S.C. § 2516(a)) (denying Air Force member's request for interest on back pay because "it is well settled by case law, statute, and regulation that such costs are not recoverable"). He also cites a number of out-of-circuit cases awarding interest, but this reliance is unavailing because those cases awarded interest on attorneys' fees pursuant to express grants under civil rights statutes that do not apply here. *See, e.g.*, Pl.'s Resp. at 14 (citing *Gates v. Collier*, 616 F.2d 1268, 1278–89 (5th Cir. 1980) (discussing award of attorneys' fees under Title VII and Civil Rights Attorneys' Fees Awards Act).

Plaintiff's other arguments similarly fail. He argues that denying him interest is contrary to Congress' intent and drafting process, would "make no sense in regard to tax practices," and would create "absurd" results. Pl.'s Resp. at 16–21. These policy questions are for Congress to decide, not this Court. And appeals to Congress' intent is an insufficient basis on which to expand the waiver of sovereign immunity. *Marathon Oil*, 374 F.3d at 1127 (citing *Shaw*, 478 U.S. at 318). Because there is no express waiver of sovereign immunity, this Court is "unable to award [P]laintiff interest on any amount of military pay and allowances to which he is entitled." *Werner v. United States*, 642 F.2d 404, 406 n.5 (Ct. Cl. 1981).

**D.    Plaintiff's Request to Protect Information**

Mr. Neczypor argues that the Government should have redacted references to his home address, medical information, and disability ratings in the exhibits attached to its Motion. Pl.'s Resp. at 1–2. But these are not among the redactions required by Rule 5.2 of this Court's Rules. *See* RCFC 5.2(a)(1)–(4). Rule 5.2 requires parties to redact all but the last four digits of a social-security number, birth date, or financial account number. *Id.* The Government properly redacted this information in its exhibits. *See* Mot. for Summ. J., Ex. A–B at 2–14, ECF No. 26-1; *cf.*

Def.'s Reply at 1–2. If Plaintiff seeks to have specific information protected, it is his burden to file a motion in accordance with Rule 5.2 explaining why his interest in protecting the information outweighs the "strong presumption of public access to court proceedings and records." *In re Violation of Rule 28(D)*, 635 F.3d 1352, 1360 (Fed. Cir. 2011). *See also Black v. United States*, 24 Cl. Ct. 461, 464 (1991) (explaining the Court may seal documents only "if the public's right of access is outweighed by competing interests"). Plaintiff must state with specificity any information he seeks to redact and provide a legal basis for doing so.

### III. Conclusion

The Court is sympathetic to the bureaucratic frustrations Mr. Neczypor faced in attempting to receive the pay and benefits he is owed. But it cannot award him inflation adjusted interest. The Government's Motion for Summary Judgment is **GRANTED**. ECF No. 26. The Clerk is directed to enter judgment. Since the parties have stipulated the interest question is the sole remaining issue, the case is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

s/ Carolyn N. Lerner<br>
CAROLYN N. LERNER<br>
Judge